IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRIAN DWAYNE SMART, # M51989** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 23-cv-03391-SMY |
| ) | |
| **DAVID MITCHELL,** ) | |
| ) | |
| **Defendant.** ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for case management. Plaintiff filed this action on October 16, 2023, claiming he was denied medical attention after he slipped and fell on a wet floor at Pinckneyville Correctional Center (Doc. 1). On May 13, 2024, after the Pinckneyville librarian informed the Clerk of Court that Plaintiff had been transferred to Western Illinois Correctional Center, the Court entered a Notice of Impending Dismissal, ordering Plaintiff to provide written notice of his current address by May 28, 2024, and warning him that if he failed to comply with the order, this case would be dismissed with prejudice. (Doc. 13). The May 28, 2024, deadline has come and gone, and Plaintiff has failed to update his address or respond in any way.

Accordingly, this action is **DISMISSED with prejudice** for failure to prosecute and failure to comply with an Order of the Court. FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice). The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

1

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the remainder of Plaintiff's filing fee of $350.00 remains due and payable pursuant to the Order granting Plaintiff's motion to proceed IFP (Doc. 8).  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to transmit a copy of this Order and the Judgment to Plaintiff at Western Illinois Correctional Center as well as to his address of record.

**IT IS SO ORDERED.**

**DATED: June 5, 2024**

                *s/ Staci M. Yandle*
                **STACI M. YANDLE**
                **United States District Judge**